IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MOHAMMAD KHALIL**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 2814 |
| ) | |
| **MIDLAND FUNDING, LLC** and ) | |
| **MIDLAND CREDIT MANAGEMENT, INC.**, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Defendants Midland Funding LLC ("Midland Funding") and Midland Credit Management, Inc. ("Midland Credit") have filed a joint Answer and Affirmative Defenses ("ADs") to the Fair Debt Collection Practices Act lawsuit brought against them by Mohammad Khalil ("Khalil"). This memorandum order is issued sua sponte to address a couple of problematic aspects of that responsive pleading.

To begin with, each of Answer ¶¶ 3, 17, 38, 39 and 52 follows a letter-perfect invocation of the disclaimer provision in Fed. R. Civ. P. ("Rule") 8(b)(5) with an impermissible statement that both defendants "therefore deny the remaining allegations contained in Paragraph --." It is of course oxymoronic for any party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

Next, defense counsel follow a pattern of (1) asserting that the allegations of a paragraph of Khalil's Complaint "are not directed at" one or the other of the two defendants, then (2)

following that by stating that no response from that defendant is required -- yet (3) concluding by purporting to deny all of the allegations of that paragraph of the Complaint to the extent that a response <u>is</u> required. That practice is bizarre in two respects:

    1. Where as here the defendant companies are closely linked (including their representation by the same counsel), it is totally unrealistic to state that any of the Complaint's allegations -- all of which are part of an integrated whole -- are not to be considered as to one of those defendants, rather than being recognized as part of the essential background that explains the targeting of that defendant even though it happens not to be named specifically in a particular paragraph of the Complaint.

    2. Even were that not the case, it obviously does not satisfy the objective good faith pleading requirement of Rule 11(b) for one of the related defendants to deny allegations that the other defendant has admitted or responded to substantively.

Lastly, what purport to be ADs are flawed in several respects. Here are at least a few of them:

    1. As for the opening paragraph in the "Affirmative Defenses" section, it may be inventive but it contributes nothing to the litigation. Defense counsel need to go back to the books to comply with the case law interpreting and applying Rule 8(c) -- and see also App'x ¶ 5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001). That paragraph must be omitted from the do-over required by this memorandum order.

2. AD 1, which appears to put forth a Rule 12(b)(6) objection, must be supplanted by a motion and a supporting memorandum under that Rule if defense counsel is serious about the matter. Moreover, the inclusion of the words "or portions thereof" is particularly troubling, for it violates the principle of notice pleading that should be observed by defendants as well as plaintiffs in federal litigation.

3. AD 2, which states the possibility that Khalil's claims "may be subject to an agreement to arbitrate," is totally speculative and adds nothing to the corpus juris.

4. AD 3, which states a limitations defense, needs to be fleshed out so that Khalil's counsel and this Court can evaluate that subject at the threshold.[1]

5. Defense counsel's statement as to defendants' attempted reservation of "the right to add additional affirmative defenses as may become apparent during discovery" is totally speculative and has no meaning or impact. It should also be omitted from the recasting of defendants' responsive pleading.

Because nothing but a self-contained Amended Answer and ADs would be adequate to the task, the entire present responsive pleading is stricken without prejudice. Counsel for Midland Funding and Midland Credit are granted leave to file such a self-contained responsive pleading on or before June 13, 2014. No charge may be made to Midland Funding or Midland Credit by their counsel for the added work and expense incurred in correcting counsel's errors.

---

[1] This memorandum order leaves it to Khalil's counsel as to whether AD 4 is or is not vulnerable to attack.

Defense counsel are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                            Milton I. Shadur
                                                            Senior United States District Judge

Date: June 2, 2014